```
Law Office James R. Vaughan
James R. Vaughan SBN 016809
5501 North 7th Avenue #321
Phoenix, Arizona 85013
Telephone: (602)279-0778
Attorneys for Plaintiff
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| CSE INSURANCE GROUP, | No. **CIV-04-2936-PHX-RCB** |
| Plaintiff, | |
| v. | **AMENDED COMPLAINT** |
| LEVITON MANUFACTURING CO., INC., a New York Corporation, ELECTROLUX, INC., a Delaware Corporation, SEARS ROEBUCK & CO., a New York Corporation, | |
| Defendant. | |

Plaintiff, CSE Insurance Group, by and through its undersigned counsel for its complaint, alleges as follows:

1.   Plaintiff is an insurance company authorized to do business in the state of Arizona.

2.   Defendant Leviton Manufacturing Co., Inc. is a New York corporation and the manufacturer of electrical cords, which are sold in the State of Arizona.

3.   Defendant Electrolux, Inc. is a Delaware corporation and the manufacturer of home appliances, which are sold in the State of Arizona.

4.   Defendant Sears, Roebuck & Co., is a New York corporation and the manufacturer and retailer of home appliances in the State of Arizona.

3.   The Defendants have caused an event to occur in Maricopa County, Arizona, out of which this claim arises.

4. On or about December 14, 2002, Plaintiff's insured purchased an Electrolux freezer from Sears, Roebuck & Co. The freezer was plugged into an electrical outlet using a Leviton power cord.

5. In the alternative, on or about December 14, 2002, Plaintiff's insured purchased a Kenmore freezer, manufactured by Sears, Roebuck & Co., from Sears, Roebuck & Co. The freezer was plugged into an electrical outlet using a Leviton power cord.

6. On or about December 18, 2002, the freezer and/or the power cord caused a fire that destroyed the home of Plaintiff's insured.

The residence of Plaintiff's insured was completely destroyed by the fire and Plaintiff <u>initially</u> paid its insured the sum of $174,042.91. <u>Plaintiff's insured filed additional claims for additional damages secondary to the fire, and plaintiff paid its insured an additional $125,449.00. The total amount plaintiff paid to its insured was $299,491.91.</u>

**COUNT I - ALLEGATIONS**

7. Plaintiff hereby incorporates all allegations in paragraphs 1-7 above.

8. Defendants manufactured a defective and unreasonably dangerous product.

9. The defective products manufactured by Defendants caused Plaintiff to suffer a loss. This loss would not have occurred without the defect.

10. Defendant Sears, Roebuck & Co. sold Plaintiff's insured the defective and unreasonably dangerous product described in paragraph 7 above.

2

**COUNT II – MANUFACTURING DEFECT**

11. Plaintiff hereby incorporates all allegations in paragraphs 1-10 above.

12. Plaintiff alleges that the product manufactured by Defendants contained a manufacturing defect.

13. The products were defective and unreasonably dangerous because of a manufacturing defect. It was not the intention of the manufacturer that this condition would exist in the products. As a result the products failed to perform as safely as an ordinary consumer would expect when the products were used in a reasonably foreseeable manner.

**COUNT III - DESIGN DEFECT**

14. Plaintiff hereby incorporated all allegations in paragraphs 1-13 above.

15. Defendants produced a defective and unreasonably dangerous product because of a design defect. The harmful characteristics of its design outweigh the benefits of the design.

16. The products produced by Defendants are defective and unreasonably dangerous because of a design defect because it failed to perform as safely as an ordinary consumer would expect when the products were used in a reasonably foreseeable manner.

**COUNT IV – INFORMATION DEFECT**

17. Plaintiff hereby incorporates all allegations contained in paragraphs 1-16 above.

18. Plaintiff claims that Defendants failed to give instruction with the product. The products are defective and unreasonably dangerous because it was unreasonably dangerous for

use in a reasonably foreseeable manner without adequate instructions.

WHEREFORE, Plaintiff prays for Judgment against Defendants in the amount of ~~$174,042.91~~ <u>$299,491.91, or the amount proven at trial</u>, plus interest at the legal rate of 10% per annum from July 2, 2003 until paid in full, costs and attorney fees, and such other relief as the court deems just and proper.

RESPECTFULLY SUBMITTED this 16th day of August, 2005.


/s/ James R. Vaughan
Attorney for Plaintiff