WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| CSE INSURANCE GROUP, )<br> )<br> Plaintiff, )<br> )<br> vs. )<br> )<br>ELECTROLUX, INC., a Delaware )<br>corporation, et al., )<br> )<br> Defendants. )<br>_____) | No.  CIV 04-2936 PHX RCB<br><br>O R D E R |

   Plaintiff CSE Insurance Group originally brought this product liability action in the Superior Court of Arizona in Maricopa County, seeking recovery of insurance proceeds paid to its insured following a fire that allegedly was caused by Defendants' products and destroyed the insured's residence.  Compl. (doc. # 1), Ex. A. Defendants removed the action from the state court based on this Court's diversity jurisdiction.  Notice of Removal (doc. # 1) at 1-3.  A trial before this Court is scheduled to begin on April 10, 2007.  Currently before the Court are Defendants' motions in limine to exclude two reports by Plaintiff's expert, Erik S. Anderson, and to preclude Mr. Anderson from testifying at trial (doc. # 46); and

to exclude Plaintiff's evidence of damages (doc. # 47).  The motions are opposed.  See Resp. (doc. ## 48-49).  Having carefully considered the arguments raised, the Court now rules.

**I.  BACKGROUND**

On approximately December 14, 2002, Plaintiff's insured purchased a freezer from Sears, Roebuck & Co., which was then plugged into an electrical outlet in the home.  Am. Compl. (doc. # 24) ¶¶ 4-5.  On approximately December 18, 2002, a fire allegedly caused by the freezer destroyed the residence of Plaintiff's insured.  Id. ¶ 6.  Plaintiff paid its insured the sum of $299,491.91 for claimed damages, and brought suit against Defendants asserting claims of manufacturing, design, and information defect.  Id. ¶¶ 1-18.

Plaintiff hired Erik S. Anderson, a forensic engineer and licensed professional engineer, to investigate the scene of the fire.  Anderson Aff. (doc. # 48) ¶ 1.  Anderson issued a report expressing his opinion "within a reasonable degree of certainty that the cause of the fire was likely . . . a failure in the Electrolux freezer present at the time of the fire."  Resp. (doc. # 48) at 2; Anderson Aff. (doc. # 48) ¶ 2.  Although he could not point to a specific apparatus in the freezer that may have caused the fire, Resp. (doc. # 48) at 2, Anderson based his opinion on "the significant amount of evidence found at the scene of the fire, the procedures used to collect and test the evidence, and the application of accepted principles of engineering applied to the evidence, all in conformity of [sic] reliable scientific principles and methods . . . ."  Anderson Aff. (doc. # 48) ¶ 3.  Plaintiff plans to call Anderson as an expert witness at trial, and to enter

his preliminary and final reports into evidence.  Final Pretrial Order (doc. # 44) at 7, 14.

**II.  DISCUSSION**

Defendants have filed motions in limine (1) to exclude Anderson's reports from evidence and to preclude Anderson from testifying at trial, and (2) to exclude Plaintiff's evidence of damages.  Mot. (doc. ## 46-47).

**A. Expert Testimony and Reports by Anderson**

Defendants argue that Anderson's testimony and reports should be excluded, because their probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, Mot. (doc. # 46) at 2, and also suggest that Anderson's opinions are not sufficiently grounded in facts to qualify him as an expert, id. (citing Guidroz-Brault v. Mo. Pac. R.R., 254 F.3d 825, 830 (9th Cir. 2001)).[1]  Defendants contend that Anderson's opinions are "pure speculation," pointing to deposition testimony where Anderson was unable to identify a specific "apparatus" in the freezer that may have caused an "electrical failure" or fire.  Id. at 2-4.

In response, Plaintiff acknowledges that Anderson cannot identify the specific apparatus responsible for the fire, but maintains that his expertise, and thus the validity of his opinion,

---

[1] Defendants also ask the Court to exclude Anderson's reports and preclude his testimony pursuant to Fed. R. Evid. 702, and Daubert v. Merrell Dow Pharmal., Inc., 509 U.S. 579 (1993). Mot. (doc. # 46) at 2.  Because Defendants have not raised any specific legal or factual arguments that would allow the Court to make an informed decision in its "gate-keeping" role at this time, Daubert issues, if any, will have to be evaluated at trial prior Plaintiff's proffer of evidence.

-3-

lies in his experience as a forensic investigator and licensed professional engineer. Resp. (doc. # 48) at 2. Given Anderson's background, it appears at this juncture that his opinions are sufficiently grounded in fact and forensic methods. See Guidroz-Brault, 254 F.3d at 830-31.

The Court is also not convinced by Defendants' conclusory assertion that the probative value of Anderson's testimony and reports is so substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury that they must be excluded. As Plaintiff aptly notes, those dangers will be largely eliminated by Defendants' opportunity for cross-examination. See Resp. (doc. # 48) at 3. Defendants' motion in limine to exclude Anderson's reports and preclude his testimony (doc. # 46) will therefore be denied.

**B. Plaintiff's Evidence of Damages**

Defendants also seek to exclude Plaintiff's evidence of damages. Mot. (doc. # 47) at 1-2. Defendants contend that the loss estimates prepared during the investigation of Plaintiff's insured's claims are inherently "arbitrary and speculative" due to Plaintiff's hand in their preparation. Id. They also argue that Plaintiff has not disclosed any witnesses to lay the necessary foundation for its evidence of damages. Mot. (doc. # 47) at 1-2.

In response, Plaintiff points out that it has already named two witnesses with requisite knowledge to testify. Resp. (doc. # 49) at 1-2. The Final Pretrial Order (doc. # 44) identifies Kellee Rose of CSE Insurance Group and Joel T. Gutche of West Tech Claims and Risk Service, Inc. as fact witnesses for Plaintiff. Rose has personal knowledge of Plaintiff's payments on its insured's claims

-4-

resulting from the fire. Rose Affidavit (doc. # 49) ¶¶ 2-3. Although Plaintiff apparently intended to include an affidavit by Gutche to demonstrate his personal knowledge of the fire damage and the costs associated with it, see Resp. (doc. # 49) at 2, the Court has not located any such affidavit. The error is of no consequence here, because Gutche's personal knowledge is evident from his identification as the claim adjuster on several pages of damage estimates attached to Defendants' motion. See Mot. (doc. # 47), Ex. A. The Court finds that Plaintiff's disclosure of these witnesses and the demonstration of their personal knowledge sufficiently addresses Defendants' concern with foundation.

Defendants' more substantive argument is that Plaintiff should not be permitted to prove its damages by relying on its payments to its insured, or the damage estimates prepared during its investigation of its insured's claims, due to the inherently "self-serving" nature of such evidence. See Mot. (doc. # 47) at 1-2. None of the cases cited by Defendants support this position. See Sterling v. Velsicol Chem. Corp., 855 F.2d 1188, 1198-1215 (6th Cir. 1988) (reducing district court's award of damages in mass toxic tort case, because causation was not proven with reasonable medical certainty to demonstrate plaintiffs' present and future injuries); Lindy Pen Co. v. Bic Pen Corp., 982 F.2d 1400, 1405-09 (9th Cir. 1993) (Roll, J.) (affirming district court's finding that plaintiff in trademark infringement action failed to provide sufficient evidence of its sales history to demonstrate damages); Gilmore v. Cohen, 95 Ariz. 34, 386 P.2d 81 (1963) (affirming trial court's rejection of builder's claim for loss of future profits, because plaintiff failed to provide records of past profits or

-5-

other evidence to establish future profits with reasonable certainty); Rancho Pescado, Inc. v. Northwestern Mut. Life Ins. Co., 140 Ariz. 174, 680 P.2d 1235, 1244-47 (Ct. App. 1984) (affirming trial court's remittitur of jury award for aspiring catfish farmer's claim of loss of future profits in a new business, because plaintiff failed to prove likelihood of success in risky aquacultural venture with 95% failure rate); Ervco, Inc. v. Texaco Ref. & Mktg., 422 F. Supp. 2d 1084, 1086-89 (D. Ariz. 2006) (discussing lack of evidence demonstrating damages in connection with contractual claim for right of first refusal to purchase real property). The Court is not aware of any authority that would prohibit an insurance company, when bringing a claim against a third party by subrogation or otherwise, from proving its damages based on its own loss estimates and payments to its insured. Moreover, the fact that Plaintiff hired an independent adjuster to investigate its insured's claims diminishes the appearance of bias suggested by Defendants. See Resp. (doc. # 49) at 2.

  The parties seem to agree on the uncontroversial proposition that damages must be established with reasonable certainty. This does not preclude a plaintiff from relying on its own estimates to prove damages. This much is clear from the cases cited in Defendants' motion, none of which fault a plaintiff for attempting to prove its damages by self-created estimates or studies, but criticize the failure of the plaintiff to do more in that respect. Defendants have not shown any reason to question the accuracy or certainty of the figures established by Plaintiff's estimates or payments. Although Defendants accurately perceive Plaintiff's evidence as "self-serving," it is permissibly so. Such is the

1  nature of advocacy in an adversarial system of law.
2  **III. CONCLUSION**
3       In light of the forgoing analysis,
4       IT IS ORDERED that Defendants' motion <u>in limine</u> to exclude the
5  expert reports and testimony of Erik S. Anderson (doc. # 46) is
6  DENIED.
7       IT IS FURTHER ORDERED that Defendants' motion <u>in limine</u> to
8  exclude Plaintiff's evidence of damages (doc. # 47) is DENIED.
9       DATED this 27th day of March, 2007.

_____
Robert C. Broomfield
Senior United States District Judge

17 Copies to counsel of record

- 7 -