**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CSE INSURANCE GROUP,            )<br>                                 )<br>         Plaintiff,             )<br>                                 )<br>    vs.                          )<br>                                 )<br>ELECTROLUX, INC., a Delaware     )<br>corporation, et al.,             )<br>                                 )<br>         Defendants.             )<br>_____ ) | No.  CIV 04-2936 PHX RCB<br><br>          O R D E R |

   A trial before this Court is scheduled to begin on April 10, 2007.  Currently before the Court are six documents (doc. # 51-56) filed this week by Plaintiff essentially seeking to compel the attendance of non-party Dennis M. Vicario at trial.  On April 3, 2007, Plaintiff filed its first motion (doc. # 51), followed by an amended motion (doc. # 52).  The next day, Plaintiff filed a notice (doc. # 53) with a letter from Vicario attached as an exhibit, which was apparently offered for the Court's consideration in resolving its motion to compel.  Today, Plaintiff filed a motion to amend its amended motion (doc. # 55, 56), seeking to introduce another exhibit it had intended to attach to its original motion. In light of the impending trial date, Plaintiff has requested an

expedited ruling on this matter.  Having carefully considered the arguments raised, the Court now rules.

**I.    BACKGROUND**

On approximately December 14, 2002, Plaintiff's insured, Dennis M. Vicario, purchased a freezer from Sears, Roebuck & Co., which was then plugged into an electrical outlet in the home.  Am. Compl. (doc. # 24) ¶¶ 4-5.  On approximately December 18, 2002, a fire allegedly caused by the freezer destroyed Vicario's residence. Id. ¶ 6.  Plaintiff paid Vicario the sum of $299,491.91 for claimed damages, and brought suit against Defendants asserting claims of manufacturing, design, and information defect.  Id. ¶¶ 1-18.

Plaintiff plans to call Vicario as a fact witness at trial "to testify as to the condition of the home prior to the subject fire, the set up of the fuse box, how the freezer and garage door opener were powered, and the absence of the APS meter immediately after the subject fire was extinguished."  Final Pretrial Order (doc. # 44) at 7; Mot. (doc. # 52) at 1-2.

On March 26, 2007, Plaintiff served Vicario with a subpoena duces tecum commanding his appearance at trial on April 10 through April 13.  Mot. (doc. # 56), Ex. 1.  Two days later, Vicario responded by letter (1) indicating that he "will be out of town and will not be returning until the evening of the 12th," (2) offering to "appear at 9:00 a.m. on April 13, 2007," and (3) expressing his view that he has no further information to offer beyond that which he has already provided in his deposition.  Notice (doc. # 53), Ex. 1.  Plaintiff's motions, amended motions, and notices (doc. ## 51-53, 55-56) followed soon thereafter.

. . .

## II.  DISCUSSION

The Court may enforce a trial subpoena served on a witness within this judicial district or within 100 miles of the Court. See Fed. R. Civ. P. 45(c).  Vicario has not filed a motion to quash or modify the subpoena, and, on the record currently before the Court, it does not appear that there are any grounds to do so. Vicario was served more than two weeks prior to the date on which he has been commanded to appear, allowing reasonable time for compliance with the subpoena, see Mot. (doc. # 56), Ex. 1; Fed. R. Civ. P. 45(c)(3)(A)(i), and there is no indication that compliance with the subpoena will require the disclosure of privileged or other protected matter, Fed. R. Civ. P. 45(c)(3)(A)(iii). Moreover, pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the fact that Vicario resides within this judicial district and within 100 miles of the courthouse where he has been commanded to appear.  See Notice (doc. # 53), Ex. 1; Fed. R. Civ. P. 45(c)(3)(A)(ii).  Finally, although he has indicated that he will be "out of town" at the time he has been commanded to appear, Vicario has failed to elaborate on circumstances from which the Court may find that his compliance with Plaintiff's timely served subpoena would subject him to any undue burden.  Fed. R. Civ. P. 45(c)(3)(A)(iv).  Accordingly, Plaintiff's motion to amend (doc. # 55) and amended motion for order to compel attendance at trial (doc. # 56) will be granted.  Vicario is further advised that the "[f]ailure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued."  See Fed. R. Civ. P. 45(e).

Therefore,

1  IT IS ORDERED that Plaintiff's motion to amend (doc. # 55) is
2 GRANTED.
3  IT IS FURTHER ORDERED that Plaintiff's amended motion for
4 order to compel attendance at trial (doc. # 56) is GRANTED.
5  IT IS FURTHER ORDERED that Dennis M. Vicario shall appear and
6 give testimony and produce the documents specified in the subpoena
7 served on him on March 26, 2007 by appearing before this Court,
8 located at 401 West Washington Street, Courtroom 606, Phoenix,
9 Arizona 85003 on April 10, 11, 12, and 13, 2007 at 9:00 a.m. on
10 each of those respective days.
11  IT IS FURTHER ORDERED that Dennis M. Vicario may comply with
12 this Order by testifying and producing the documents specified in
13 the subpoena served on him on March 26, 2007.
14  IT IS FURTHER ORDERED that Dennis M. Vicario's non-compliance
15 with the terms and conditions of this Order may serve as grounds
16 for a finding of civil contempt.

18  DATED this 6th day of April, 2007.

_____
Robert C. Broomfield
Senior United States District Judge

24 Copies to counsel of record and to Dennis M. Vicario at 40405 N.
72nd Street, Cave Creek, Arizona 85331-8305.

-4-